## WARREN R. HICKOX

*v.*

## SIMON P. FRANK et al.

*Filed at Ottawa May 12, 1882.*

1. ADMINISTRATION OF ESTATES—*domicil of intestate in another State —jurisdiction to grant letters of administration.* Where a person, at the time of his death, has his domicil in another State, the proper court in such State has jurisdiction to grant letters of administration upon his estate.

2. SAME—*foreign administrator may collect debts in this State.* An administrator of an estate appointed in any other State or territory by a court having jurisdiction, has the legal right, under our statute, to collect notes due to his intestate, and to that end he may foreclose deeds of trust securing them, when no administration is granted on the same estate in this State.

3. SAME—*legal title vests in administrator—notes due intestate.* Upon the death of a party and the appointment of an administrator, the legal title

to all notes and debts due the intestate vests in the administrator, who alone can sue and recover upon the same. The heir at law or his personal representative can maintain no action whatever on such notes.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. STEPHEN R. MOORE, for the appellant.

Mr. S. S. LAWRENCE, and Mr. H. LORING, for the appellee Simon P. Frank.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

William H. Connely was the payee and owner of certain promissory notes, secured by deed of trust on real estate in Kankakee county. He died intestate in Pike county, Indiana, in August, 1874, leaving surviving him his daughter, Anna, his only child and sole heir at law. Anna died intestate in the month of January following, in Minnesota. On the 24th of August, 1874, letters of administration were duly granted by the proper court of Pike county, Indiana, to Simon P. Frank, as administrator of the estate of William H. Connely, deceased. No administration was granted upon his estate here, but on the 16th of March, 1877, Warren R. Hickox, as public administrator for Kankakee county, took out letters of administration upon the estate of Anna, and on the 22d day of that month he filed in the office of the clerk of the circuit court of Kankakee county his bill in chancery to foreclose the trust deed so given to secure the payment of the before named promissory notes to William H. Connely. The makers of the notes, and Simon P. Frank, as administrator of William H. Connely, deceased, were made defendants. Frank answered, and also filed his cross-bill, in which he alleged the execution of the trust deed, the death of Connely, his appointment as administrator, etc., and his possession,

as such, of the notes and deed of trust, and prayed for a decree of foreclosure in his behalf. Answer was filed to the cross-bill. On hearing, the court decreed that the original bill be dismissed, and that the deed of trust be foreclosed as prayed in the cross-bill, and that the proceeds to arise from the foreclosure be brought into court to await its further order. To reverse that decree this appeal is prosecuted.

There appears, on the hearing, to have been some controversy as to the domicil of Connely at the time of his death, but we think the fair conclusion from the evidence is, it was Pike county, Indiana. He had originally lived there, then in Kankakee county, in this State, and afterwards in Minnesota, but finally returned to Pike county, Indiana, and while making arrangements for future residence upon a farm he had all the time owned there, sickened and died. It is true, his habits, for some time, had been migratory, and his return had not been long before his death; but the evidence, we think, sufficiently shows that it was with the mind of remaining,—of making there his future, permanent home. Being domiciled in Pike county, Indiana, at the time of his death, there can be no question, and none is attempted to be raised, of the jurisdiction of the court there to grant letters of administration upon his estate. The death of Connely, and the appointment of Frank as his administrator, gave the latter the legal right, under our statute, to collect the promissory notes, and, to that end, to have the deed of trust foreclosed.

It is provided by sec. 42, chap. 3, Rev. Stat. 1874: "Where any person has   *   *   *   obtained, or may obtain, administration of the estate of an intestate in any State in the United States, or in any territory thereof, such person shall be enabled to prosecute suits to enforce claims of the estate of the deceased, or to sell lands to pay debts, in any court of this State, in the same manner as if letters testamentary or of administration had been granted to him under the provisions of the laws of this State."

The limitations of the next section (43) have no application here, because no administration has been obtained upon the estate in this State. Hickox is not administrator of the estate of William H. Connely, deceased, but of his daughter, Anna Connely, deceased, and these notes are assets belonging to the estate of William H. Connely, deceased. Upon his death, and the appointment of an administrator, the legal title vested in the administrator, and the title took effect, by relation, from his death. *Makepeace* v. *Moore*, 5 Gilm. 474. So complete was his title that he could pass the legal title to the notes by indorsement. *Walker* v. *Craig*, 18 Ill. 116. The heir at law could have maintained no action, in her own right, on these notes. *Neubrecht* v. *Santmeyer et al.* 50 Ill. 74. And so, although Anna's administrator may ultimately become entitled to the money to be collected, it can only be after her father's estate has been fully administered. Until then, her administrator has nothing to do with the notes or their proceeds.

We perceive no cause to disturb the decree below, and it will be affirmed.

*Decree affirmed.*