HENRY YOTT *et al.* Plaintiffs in Error, *vs.* ELIZA YOTT
*et al.* Defendants in Error.

*Opinion filed October 16, 1914—Rehearing denied Dec. 8, 1914.*

1. WILLS—*what is necessary to entitle heirs to contest validity
of probate of will.* Where a testator, after making a will leaving
his estate to persons not related to him by blood, subsequently
conveys all of his estate to the same persons, the heirs of the tes-
tator are not "persons interested" who may attack the validity of
the probate of the will upon the ground that it was revoked by
the conveyances, unless they allege and prove that the convey-
ances were invalid.

2. SAME—*questions of validity of conveyances and their effect
as a revocation of the will may be joined in one bill.* Where a
testator devises all of his estate to persons not related to him by
blood and subsequently conveys all of his estate to the same per-
sons, the heirs of the testator may join in one bill the questions
of the validity of the conveyances and their effect as a revocation
of the will, as it is only by establishing the invalidity of the con-

veyances that the heirs can have any standing, as "persons interested," to attack the validity of the probate of the will.

3. SAME—*when deed does not revoke will as to the lands conveyed.* A conveyance by the testator of lands he has specifically devised revokes the will as to the lands conveyed, but such act must be the result of a sound mind and free will, and if the conveyance was procured by fraud or undue influence or the grantor was mentally incompetent the conveyance does not operate to revoke the will.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

JAMES R. WARD, for plaintiffs in error.

WINSTON, PAYNE, STRAWN & SHAW, (JOHN BARTON PAYNE, EDWARD W. EVERETT, and R. S. TUTHILL, JR., of counsel,) for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiffs in error filed a bill to set aside the probate of the will of Francis Yott, whose heirs they were, on the ground that the will was abrogated and revoked by subsequent conveyances of all his real and personal estate, leaving nothing for the will to operate upon. The cause was submitted to the court, and this writ of error is prosecuted to review the decree, which dismissed the bill for want of equity.

The will devised and bequeathed all of the real and personal property of the testator to persons who were not related to him by blood. The subsequent conveyances transferred the title of all his property for the benefit of the same persons but upon different limitations. These persons were defendants to the bill. The testator left no widow, descendant or parent, and the complainants are his next of kin, who take nothing under either the will or the subsequent conveyances.

Section 17 of the Statute of Wills provides that "no will, testament or codicil shall be revoked, otherwise than by burning, canceling, tearing or obliterating the same, by the testator himself, or in his presence, by his direction and consent, or by some other will, testament or codicil in writing, declaring the same, signed by the testator or testatrix, in the presence of two or more witnesses, and by them attested in his or her presence; and no word spoken shall revoke or annul any will, testament or codicil in writing, executed as aforesaid, in due form of law."

The contention of the plaintiffs in error is that by the common law a will may be revoked and abrogated by implication by a conveyance of the property affected in the testator's lifetime, and that this rule is not abrogated by the section of the statute cited. Plaintiffs in error are not, however, in a position to raise this question. Section 7 of the Statute of Wills authorizes any person interested to contest the validity of the probate of any will. It is only by virtue of this section that the heirs of a decedent may institute such a contest. They are persons interested, because if the will were not valid they would inherit the estate. If, however, the will is invalid only because it has been revoked by a subsequent valid conveyance of the property involved the heirs are not interested, because they would not inherit the estate even with the will out of their way but the property would go to the grantees in the conveyance. It is only upon the theory that the subsequent conveyances were invalid that the heirs could have any interest in the estate, and the plaintiffs in error averred their invalidity.

The cause was heard upon an amended bill, answer, replication and evidence produced in open court. In both the original and amended bills the mental incapacity of the testator and the undue influence of Eliza Yott, one of the beneficiaries under the will and one of the grantees in the conveyances, was averred both at the time of the execution of

the will and at the time of the execution of the conveyances, and it was averred that by reason of such mental incapacity and undue influence all of the instruments were invalid. The answer denied the mental incapacity of Francis Yott and the undue influence of Eliza Yott and alleged that both the will and the conveyances were valid. At the hearing counsel for the complainants stated that he would not introduce any testimony upon the issues of testamentary capacity or undue influence, but would rely upon the fact that the testator had disposed of all of his property upon which the will could operate.

It is insisted by the plaintiffs in error that the determination of the validity of the conveyances was not necessary to the decision whether the will was abandoned, abrogated and revoked by the testator. That proposition can not be true in this case, for it was necessary, in order to give the plaintiffs in error any standing in court, for them to establish the invalidity of the conveyances, since otherwise they had no interest in the property.

It is argued that this suit invokes only the jurisdiction conferred by statute for the contest of wills and not the general equity powers of a court of chancery; that the question of the validity of the conveyances was not germane to the bill, and that to include such question in the bill would make it multifarious. On the contrary, it was necessary to the exercise of the jurisdiction conferred by the statute that the conveyances should be decreed invalid and set aside. This fact was a necessary part of the cause of action of the complainants, and the two questions of the validity of the conveyances and their effect as a revocation of the will were proper to be joined in one bill, (*Stephens v. Collison,* 249 Ill. 225,) and they were so joined in the pleading.

It is not argued on behalf of the plaintiffs in error that the evidence shows the conveyances were invalid. In fact, evidence was not introduced on that issue, but it is argued

here that it is immaterial in this suit to contest the will whether the instruments in writing subsequently executed by Francis Yott, the testator, were valid and effective or not, and it is stated that the validity of those instruments was not submitted to the circuit court for determination and could not properly be submitted in a suit to contest the will under the statute. It has been shown that it was essential for the plaintiffs in error to establish the invalidity of the conveyances to show that they had an interest in the estate. They alleged it but failed to sustain the allegation.

It is insisted that the testator at the time of his death owned personal property of the value of $321.80 which he acquired after the making of the deeds, and that if the deeds revoked the will this property descended as intestate estate to his heirs. Conceding that the plaintiffs in error were entitled to raise the question of the revocation of the will, it must be decided against them. A conveyance by a testator of lands which he has specifically devised by his will revokes the will as to the lands conveyed. (*Phillippe v. Clevenger*, 239 Ill. 117.) The reason is, that the act of the testator subsequent to its execution shows an intention inconsistent with the will. Such an act must be the result of a sound mind and a free will. A deed procured by fraud or undue influence or executed by one who is mentally incapacitated does not show such an intention and cannot operate as a revocation of a will. (*Smithwick* v. *Jordan*, 15 Mass. 113; *Graham* v. *Burch*, 47 Minn. 171.) The bill alleged that the deeds were executed while the testator was of unsound mind and were procured by fraud and undue influence. The court could not have rendered a decree finding the will revoked by deeds so procured or executed, and could not have rendered a decree based upon a finding, contrary to the allegations of the bill, that they were not so procured or executed.

The decree of the circuit court was right, and it is affirmed.

*Decree affirmed.*