T. B. McGovern *et al.* Appellants, *vs.* Stephen McGovern *et al.* Appellees.

*Opinion filed April 22, 1915—Rehearing denied June 10, 1915.*

1. Equity—*complainant must show an actual existing interest in subject matter of the suit.* The complainant in a proceeding in equity must show an actual existing interest in the subject matter of the suit and will not be permitted to maintain a bill for part of a matter, only, so as to expose the defendant to being harassed by repeated litigations concerning the same thing.

2. Same—*when heirs-at-law cannot maintain a bill to set aside deeds.* Heirs-at-law cannot maintain a bill to set aside deeds of their ancestor upon the ground of want of mental capacity and the use of undue influence where no attempt is made to set aside the will of the ancestor, which, by a codicil made two days after the deeds were executed, expressly ratified the deeds, as in such case the setting aside of the will is essential to the matter of the complainant's interest in the land.

3. Same—*when the setting aside of deeds and the setting aside of a will must be combined in one suit.* Where a testator, by a codicil made two days after the execution of deeds, expressly ratifies such deeds, which conveyed the lands substantially in accordance with the provisions of the will itself, heirs of the testator who seek to recover the lands upon the ground that the testator was mentally incompetent to make the deeds and that undue influence was used, must combine in one bill the setting aside of the deeds and the setting aside of the will.

4. Same—*court may take notice of complainant's lack of interest at the hearing.* While an objection that the complainant has no interest in the suit should regularly be taken by demurrer if the defect appears on the face of the bill or by plea or answer if the defect does not so appear, yet the court itself may take notice of such want of interest if it appears at the hearing.

5. Wills—*when incorrect description in will may be rejected.* If a clause in a will employs two descriptions in making a devise of land, one of which is correct and the other incorrect, the incorrect description may be rejected as surplusage.

6. Same—*when misdescription of land in will is without effect.* Where the testator, after devising land by an incorrect description, makes a deed to the devisee in which the land is correctly described, and adds a codicil to the will expressly ratifying the deeds, the misdescription in the will is without effect.

Appeal from the Circuit Court of Knox county; the Hon. R. J. Grier, Judge, presiding.

R. D. Robinson, Raymond W. Beach, J. E. Maley, and B. J. Cavanaugh, for appellants.

Hardy, Welsh & Hardy, Roy M. Marsh, and Moreland & Moreland, for appellees.

Mr. Justice Carter delivered the opinion of the court:

This was a bill filed in July, 1913, in the circuit court of Knox county by appellants, against appellees, to set aside various deeds purporting to convey certain real estate from James McGovern to some of appellees, on the ground of the mental incapacity of the grantor and that the execution was procured by undue influence. By leave of court an amended bill was filed at the February term, 1914. After answers were filed by appellees and the issues made up, a hearing was had before the chancellor and the bill dismissed for want of equity, for the reason that appellants were not in position to maintain this suit because it was shown on the hearing they had no interest in the lands described in the deeds sought to be set aside, and for the further reason that the record failed to show that James McGovern was mentally incompetent to execute said deeds or that their execution had been procured by undue influence. From that decree this appeal was taken.

In the view we take of this case it will be necessary for us to consider only the first reason above specified.

The decree, among other things, states that on July 15, 1913, James McGovern died testate in Galesburg, in said county, "leaving a last will and testament, consisting of one original will dated May 24, 1910, and two codicils, dated July 27, 1912, and August 28, 1912, respectively, which last will and testament, with said two codicils attached thereto, were duly probated in the county court of

Knox county, Illinois, on August 11, 1913; that said last will and testament and said codicils, and the said order probating the same, remain in full force and effect; that under and by virtue of the provisions contained in said last will and testament and said codicils, the complainants, nor either of them, in this cause have any interest in the lands mentioned in the amended bill filed herein and in the deeds sought by said bill to be set aside in this cause."

The two deeds here sought to be set aside were dated and executed August 26, 1912. The original will, dated May 24, 1910, devised the real estate mentioned in the bill here, to the same grantees substantially as specified in the respective deeds, and the second codicil, dated August 28, 1912, two days after said deeds were executed, specifically stated that the testator had disposed of all of his real estate except his home in Galesburg, clause 2 therein providing, among other things, "I ratify and confirm the deeds of conveyance heretofore made by me." The pleadings in the case made no reference of any kind to said will or codicils. On the trial of the case appellants introduced said will and codicils, along with the certificate of probate thereof.

Counsel for appellees insist that appellants, in order to show their interest in the land in question purporting to be conveyed by said two deeds under the circumstances above shown, must, in the same proceeding asking to have said deeds set aside, have also asked to have the will and codicils set aside. Counsel for appellants insist that it is not and cannot be the law that they are bound to bring suit to set aside the will and the deeds in one and the same action, arguing that the two issues cannot be properly joined in the same trial, first, because in the suit concerning the deeds certain persons may be competent as witnesses who are not competent in a suit concerning the will; second, because in a suit to set aside a will either side is entitled, as a matter of right, to a jury, while in a bill to set aside deeds neither side is entitled to a jury and one can

be obtained only by leave of court; third, the tests of mental capacity in order to enable the grantor to make a valid deed and to make a valid will are different; fourth, because the burden of proof on the one issue does not rest upon the same parties as it does on the other.

While all of the objections urged by counsel for appellants have not been passed upon specifically by this court, in effect they have all been answered and overruled. (*Wilcoxon* v. *Wilcoxon,* 165 Ill. 454; *Ring* v. *Lawless,* 190 id. 520; *Stone* v. *Salisbury,* 209 id. 56; *Stephens* v. *Collison,* 249 id. 225; *Yott* v. *Yott,* 265 id. 364.) In *Stephens* v. *Collison, supra,* the court reviewed and passed upon the most serious objections now raised by appellants, stating that whether both the issue as to the validity of the will and that as to the validity of the deeds should be submitted to the jury would be discretionary with the chancellor; that these objections were neither grave nor insurmountable as to the joining of those issues in the same case; that the chancellor was not required to submit the validity of the deeds to the jury, and even if submitted, the court was not bound to follow the finding of the jury; that the procedure in a court of equity was elastic and could be adapted to the varied circumstances of each case in order to do justice. The United States court in *Williams* v. *Crabb,* 117 Fed. Rep. 193, in construing the Illinois statutes on these points as to these very questions, held that these two issues should properly be combined in one proceeding. The rule has long been established that in equity proceedings the plaintiff must show an actual existing interest in the subject matter of the suit and will not be permitted to bring a bill for part of a matter, only, so as to expose a defendant to be harassed by repeated litigations concerning the same thing; that the bill should be so framed as to afford ground for a decision on the whole matter at one and the same time, and, so far as possible, prevent future litigation concerning it; that courts of equity discourage, so far as

practicable, unreasonable litigation. (1 Daniell's Ch. Pl. & Pr.—6th Am. ed.—316, 330, 331; Story's Eq. Pl.—10th ed.—sec. 287; Mitford & Tyler's Pl. & Pr. in Eq. 275; Cooper's Pl. *185.) One of the favorite objects of a court of equity is to do full and complete justice by avoiding multiplicity of suits. *Spear* v. *Campbell,* 4 Scam. 424.

From this record it is self-evident that the two issues,—that as to the validity of the deeds and that as to the will and codicils,—involved the same subject matter. The deeds and the second codicil were executed within two days of each other, and it is manifest from this record that most, if not all, of the facts that might tend to show the invalidity of one would also tend to show the invalidity of the other, especially on the questions of mental incapacity and undue influence. Beyond question, if the deeds and codicils referred to in this case were valid, the setting aside of these deeds would not in any way benefit appellants. The circumstances shown in this record strongly support the conclusion reached by this court in the decisions cited, that these two issues, in order to do justice in this litigation, should be joined in the same action. As was held by this court in *Yott* v. *Yott, supra,* under a somewhat similar state of facts, in order to give appellants any standing in court to set aside these deeds it was necessary for them to establish the invalidity of the will and codicils, since otherwise they would have no interest in the property alleged to be conveyed by said deeds.

Counsel for appellants suggest that when they filed the original bill in this case the will had not been probated, and therefore no other avenue was left open to them than to file this action to set aside the deeds, alone. There might be force in this contention if the proof showed that they knew nothing about the will and codicils at the time they filed the original bill. Be that as it may, the will and codicils were probated long before they filed their amended bill, and they could at any time after the will was probated

have asked leave to amend the bill in a proper way, so as to bring the question of the validity of the will and codicils into this proceeding.

Counsel argue further that appellees, not having raised this question by the pleadings, were estopped from raising it on the hearing. Objections that the plaintiff has no interest in a suit, if the defect appears on the face of the bill, should be regularly taken by demurrer or motion to dismiss, and if not patent on the face of the bill, then by plea or answer. If the plaintiff's interest is indispensable to a decision of the matter in dispute on the merits, the courts will, on their own motion, take notice of the want of such interest. (*Prentice* v. *Kimball,* 19 Ill. 320; *Gerard* v. *Bates,* 124 id. 150; *Conway* v. *Sexton,* 243 id. 59, and cases cited; Story's Eq. Pl.—10th ed.—sec. 236; 16 Cyc. 204.) Such lack of interest is fatal, and the objection on that account may be taken on demurrer or at the hearing. (*Haskell* v. *Hilton,* 30 Me. 419; *Harrison* v. *McMennomy,* 2 Edw. Ch. 251; Story's Eq. Pl.—10th ed.—sec. 508, and note.) Under the reasoning of the authorities already cited, the lack of interest of appellants in the lands alleged to have been conveyed by the deeds, as shown on this record, could be raised at any time before the final decree by the court itself. See, also, as bearing on this point, *Herrington* v. *Hubbard,* 1 Scam. 569, *Hickox* v. *Frank,* 102 Ill. 660, and *Abernathie* v. *Rich,* 229 id. 412.

The further argument is made that a part of the land conveyed by one of these deeds to appellee Mary Layha is not correctly described in the will, and therefore, if the deed were set aside, would be intestate property under the will, and it would not be necessary to set aside the will in order that the appellants might have an interest in said property. Clause 4 of the will devises 110 acres to Mary Layha, described as follows: "The east ½ of the N. E. ¼ of Sec. 18, and 30 acres, more or less, of the north part of the N. E. ¼ of the S. W. ¼ of Sec. 18, all in Tp. 12,

N. R. 3, east of the fourth P. M., Knox county, Illinois, hereby bequeathing to my said daughter, Mary Layha, all lands owned by me in said Sec. 18 west of the highway running north and south through Sec. 18, except 17 acres devised to Stephen A. McGovern." It was shown on the hearing that the testator owned the east half of the northwest quarter of said section 18 and not the east half of the northeast quarter. It was also shown that the highway ran north and south through the center of said section 18, and therefore the east half of the northwest quarter of said section was situated west of said highway. These two descriptions in said codicil being conflicting,—one being correct and the other incorrect,—the incorrect may be rejected as surplusage and the correct description will thus properly devise the property. (*Emmert* v. *Hays,* 89 Ill. 11; *Sharp* v. *Thompson,* 100 id. 447; *Lyman* v. *Gedney,* 114 id. 388; *Bradish* v. *Yocum,* 130 id. 386; *Vestal* v. *Garrett,* 197 id. 398.) Moreover, as already stated, the last codicil of the will ratified and confirmed the deeds here in question, and therefore, even though there had been a misdescription in the original will of this specific property, it would still be devised by the second codicil. The argument on this point by counsel for appellants gives strong support to the conclusion already reached in this opinion that it is necessary to consider the validity of the deeds and the will and codicils in the same proceeding.

The conclusions that we have already reached relieve us from the necessity of discussing the questions as to the invalidity of the deeds because of the mental incapacity of the grantor or because of undue influence exercised upon him at the time of their execution.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. JUSTICE CRAIG took no part in the decision of this case.