(No. 30763.—

GEORGE HUSCHEN, Appellee, vs. MARY HUSCHEN, Appellant.

*Opinion filed November 18, 1948.*

DWIGHT H. DOSS, of Monticello, and LEO F. CAVANAUGH, of Peoria, for appellant.

WALTER G. CUNNINGHAM, and DUNKELBERG & RUST, both of Pekin, for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The defendant appeals from an order of the circuit court of Tazewell County denying her motion to vacate a decree for divorce. The appeal is taken directly to this court on the theory that a freehold is involved.

On January 9, 1948, the court entered a decree granting a divorce to the plaintiff and providing that the parties shall hold and own all real estate free from any homestead, dower or other interest of the other party therein. No

appeal has been taken from that decree. Within 30 days thereafter defendant filed her motion, supported by affidavits, asking that the decree be set aside, and that she be permitted to amend her answer and offer evidence. As grounds therefor the motion recites certain facts alleged to constitute a valid defense to the suit, and certain other facts alleged to entitle her to an equitable interest in plaintiff's real estate. The motion further recites that defendant received no word of any hearing to be had or decree entered until January 27, 1948.

The affidavits are executed by her attorney and his secretary, respectively. They state in substance that on the day before the date set for the hearing defendant's attorney, having been ill, caused his secretary to advise plaintiff's attorney by telephone that he would be unavailable for the hearing and desired a postponement thereof; that plaintiff's attorney replied that he would confer with the judge and report the situation the following morning; and that neither defendant's attorney nor his secretary received any further communication with reference thereto until after the decree had been entered.

At the outset of this case we are met with the question of this court's jurisdiction. Although neither party has questioned our jurisdiction, it is necessary that we consider this matter of our own motion. Neither the consent of the parties nor their desire to have this court pass on the cause can confer jurisdiction if we do not have it under the constitution and statute. *Williams* v. *Williams,* 381 Ill. 507.

To give this court jurisdiction it is necessary that a freehold be involved in the issues to be settled on appeal. (*Rawlins* v. *Bogusiewicz,* 397 Ill. 548; *Wainwright* v. *McDonough,* 364 Ill. 626.) The only question involved in this appeal is whether the court erred in denying the motion to vacate the decree. The effect of vacating the decree would be to leave the cause for trial with the issues unde-

termined. Defendant would not thereby gain a freehold, nor would plaintiff lose one. The assignments of error clearly do not present a question of freehold or any other matter which would give this court jurisdiction. It is therefore our duty to decline to proceed herein, and to transfer the cause to the Appellate Court for the Third District.

*Cause transferred.*