(No. 31625.— )

MARY FOREMAN FRERICHS, Appellee, *vs.* JOHN W. FORE-
MAN *et al.*—(JOHN W. FOREMAN, Appellant.)

*Opinion filed November 27, 1950.*

WHITEHEAD & WHITEHEAD, of Anderson, Indiana, and
DYER & DYER, of Kankakee, for appellant.

EVA L. MINOR, of Kankakee, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This case comes to us on a direct appeal from an order
of the circuit court of Kankakee County which dismissed
two counterclaims filed by John W. Foreman, the principal
defendant, in a complaint for partition of real estate in-
augurated by his former wife, Mary Foreman Frerichs.
Nothing is said in the briefs of the parties concerning our
jurisdiction on direct appeal, but we assume they believe

that a freehold is involved. However, even though the complaint is one for partition of real estate and the counterclaims of one of the defendants raise the issue of the plaintiff's title, we are of the opinion that we are without jurisdiction of a direct appeal.

The real estate involved was owned in 1917 by Charles M. Foreman, father of the defendant-counterclaimant, hereinafter referred to as defendant. He died intestate on April 29, 1917, leaving his widow and two children, the defendant and his sister, Ida Foreman Perry. On May 22, 1923, the children and their respective spouses quitclaimed a life estate in the property to their mother. The complaint states that on September 2, 1931, the mother (and her second husband) conveyed the property to the children by warranty deed, reserving a life estate for herself. She died on August 23, 1949. During the term of the life estate, and following the alleged conveyance by their mother of September 2, 1931, the children made certain transfers of their remainder interests. The effect and validity of these transfers is the subject matter of the counterclaims which were dismissed by the circuit court on the plaintiff's motion.

The first such transfer occurred on July 30, 1936, when the defendant conveyed by warranty deed to the plaintiff, then his wife, an undivided one-half interest in his one-half remainder interest in the real estate. Then, on May 3, 1937, the defendant's sister and her husband conveyed their one-half remainder interest to the defendant and the plaintiff, as joint tenants. Finally, on August 2, 1944, a week after the entry of a divorce decree by the circuit court of Kankakee County dissolving her marriage relationship with the defendant, the plaintiff conveyed her interest in the property to a third person, who reconveyed the same day. Thus it appears that, following the death of the life tenant, the plaintiff and the defendant would be tenants in common of equal shares of the real estate. On

August 24, 1949, the day following the death of the life tenant, the plaintiff filed her suit for partition, setting forth the facts stated.

The defendant in his answer denied the plaintiff's title and denied the alleged conveyance by his mother of September 2, 1931. He also filed three counterclaims, the first of which was answered and is at issue in the trial court. The second and third counterclaims concerned the conveyances of July 30, 1936, and May 3, 1937, previously set forth.

In the second counterclaim, the defendant states that at the time of his July 30, 1936, conveyance to the plaintiff, she was then threatening divorce, and that the conveyance was made pursuant to a verbal agreement with the plaintiff whereby she would return to live with him. He further states that the verbal agreement contained a condition that if the plaintiff subsequently obtained a divorce from him, her interest would revert to him, and she would reconvey the interest transferred by the deed of July 30, 1936.

The third counterclaim states that at the time of the conveyance of May 3, 1937, by the defendant's sister and her husband to the plaintiff and the defendant, the sister made a conditional offer to convey, which was accepted by the plaintiff and the defendant. The agreement is alleged to have been that the defendant's sister would convey to the parties as joint tenants on the condition that if the plaintiff obtained a divorce from the defendant, the plaintiff's interest was to revert to the defendant, and that she would execute a conveyance thereof to him.

Both counterclaims allege that the parties were divorced by a decree of the circuit court of Kankakee County entered July 26, 1944, and that the plaintiff has not since then executed conveyances to the defendant in accordance with the agreements alleged. Both pray for conveyances from the plaintiff, or, in the alternative, the money value of her estate in the realty.

The plaintiff filed a motion to dismiss the second and third counterclaims, relying on the rule of *res judicata*. The motion sets forth that in the divorce suit, the defendant had filed a counterclaim concerning the two disputed deeds. The counterclaim, set out *in haec verba* in the motion, first had alleged that the agreement between the parties in 1936 was that the plaintiff took the deed of July 30, 1936, as consideration for her continued cohabitation with the defendant. Then it alleged that the deed of May 3, 1937, from the defendant's sister, was paid for solely by the defendant, and that it was understood that the joint tenancy thereby created was to continue only during the marriage of the parties. Finally, it alleged that the plaintiff, having ceased to live with the defendant, and having sought to dissolve the marriage, was not entitled in equity to keep her share of the real estate. The prayer for relief asked that the 1936 deed be set aside, and asked for reconveyance of the property covered by the 1937 deed by the plaintiff to the defendant.

The motion to dismiss in the present proceeding further sets forth that the plaintiff filed an answer to the counterclaim in the divorce suit, and that, after a hearing, the circuit court entered a divorce decree which recited that the defendant had failed to prove any of the material allegations of his counterclaim and was not entitled to the relief which he sought, and dismissed the counterclaim. The divorce decree is relied on in the motion as a bar to the second and third counterclaims in this litigation.

In response to the plaintiff's motion to dismiss his counterclaims, the defendant filed an affidavit stating that the causes of action on which the counterclaims in the instant case are grounded did not, and could not, arise until after the entry of the divorce decree in the prior proceeding. The circuit court, however, dismissed the second and third counterclaims, the defendant elected to stand by them,

judgment of dismissal was entered, and this appeal was taken.

As we stated at the outset, the parties have not raised the question of direct appeal jurisdiction. Nevertheless, it is the duty of this court to decline, on its own motion, to proceed in a case of which it has no jurisdiction. (*Kurzawski* v. *Malaga,* 402 Ill. 207; *Flanagan* v. *Wilson,* 375 Ill. 179; *Wylie* v. *O'Connor,* 363 Ill. 615; *Bennett* v. *Bennett,* 318 Ill. 193; see, also, *Huschen* v. *Huschen,* 401 Ill. 518.) The jurisdictional requisite of involvement of a freehold is met only in a case in which the necessary result of the judgment or decree from which appeal is taken is that one party gains and the other loses a freehold, or in which title to the freehold is so put in issue by the pleadings that the decision of this court necessarily involves a determination of that issue. (*Clark* v. *Lindsay Light & Chemical Co.* 405 Ill. 139; *Stein* v. *East Oak Street Hotel Co.* 400 Ill. 267; *Campo* v. *Grunewald,* 391 Ill. 91; *Cohen* v. *Oguss,* 384 Ill. 353.) This means that although a freehold, within the accepted definition, may be involved in the issues before the trial court, this court has no jurisdiction of a direct appeal therefrom unless a freehold is involved in the question to be determined on appeal. *Simpson* v. *Harrison,* 389 Ill. 588; *Schrader* v. *Schrader,* 357 Ill. 623.

The issue presented on this appeal is whether the divorce decree of 1944 is a bar to defendant Foreman's counterclaims under the rule of *res judicata.* If we should hold that the counterclaims are barred by the prior decree, no party would gain or lose a freehold. If we should hold that defendant Foreman is entitled to a hearing on his counterclaims, we would not thereby render a final adjudication on his title, or lack of it. At most, the result of this appeal will be that a hearing can, or cannot, be had on the counterclaims. It is settled that if the granting by this court of the relief sought in an appeal would be to leave

512

the cause for trial with the issues undetermined, a freehold, even though in issue below, is not involved in the appeal. *Huschen* v. *Huschen,* 401 Ill. 518; *Rawlins* v. *Bogusiewicz,* 397 Ill. 548; *McGovern* v. *McGovern,* 390 Ill. 516; *Hooper* v. *Wabash Automotive Corp.* 365 Ill. 30.

Since we do not have jurisdiction of this appeal, it must be transferred to the Appellate Court for the Second District.

*Cause transferred.*