RUTH C. HAWKINS *et al.*, Appellants, *vs.* THE CITY OF ELGIN *et al.*, Appellees.

*Opinion filed December 7, 1953.*

JOHN WAAGE, of Chicago, and PAUL M. HAMILTON, of Elgin, for appellants.

PERRY D. WELLS, of Elgin, for appellee City of Elgin; BEN RIFKEN, and JOSEPH M. McCARTHY, both of Elgin, for other appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a suit instituted by the plaintiffs against the city of Elgin and certain other defendants. The original complaint consisted of two counts. Count 1 was a separate action at law for ejectment and damages and is not involved in this appeal from the separate actions in chancery. Count 2 was an action in chancery and prayed for a decree declaring that the defendants, city of Elgin and certain other defendants, remove certain alleged encroachments on the plaintiffs' land. By amendment the plaintiffs added a third count and prayed that the defendants Walter and

Winifred Prott, who had acquired title to lot 20 in block 16 of Ludlow addition in the city of Elgin, be decreed to remove certain alleged encroachments on the plaintiffs' land and be enjoined from trespassing or entering upon the lands of the plaintiffs, and for damages. Other additional amendments were added subsequently which did not change the substance of the original allegations. The encroachments were alleged to consist of the extension of several streets by the city of Elgin over and upon the lands of the plaintiffs and by the building of a garage and retaining wall on the lands of the plaintiffs by the other defendants.

Answers were filed by the city of Elgin and the other defendants denying any encroachment existed on the lands of the plaintiffs. The city of Elgin also filed an answer to said complaint by pleading the twenty-year Statute of Limitations in bar of said action, (Ill. Rev. Stat. 1951, chap. 83, par. 1,) and also by pleading the five-year statute barring any action against any real or personal property, (Ill. Rev. Stat. 1951, chap. 83, par. 16,) and also set forth in their answer that if any encroachment existed on the lands of the plaintiffs by reason of the extension of said streets, that the same had existed for more than 15 years and had become a public highway pursuant to the statute. Ill. Rev. Stat. 1951, chap. 121, par. 152.

As a further answer to said complaint, the city set forth that the plaintiffs were guilty of *laches* and should be denied recovery on their complaint.

The cause was referred to the master in chancery to take evidence and report his finding of facts and conclusions of law. The master after taking testimony in said cause rendered a report in respect thereto and found the issues in favor of all the defendants.

The facts disclose that the dispute between the parties arises because a difference exists as to the location of the Kane-Cook counties boundary line. There is no dispute that the eastern boundary of lot 20 of Ludlow's addition in

the city of Elgin is the Kane-Cook counties line and also
that the termini of the streets of the city of Elgin alleged
to encroach upon the plaintiffs' land is also the boundary
line between Cook and Kane counties. If the plaintiffs are
correct as to their contention as to the location of the
boundary line between Kane and Cook counties then there
is an encroachment by all of the defendants upon their land.
On the other hand if the defendants are correct in their
contention as to the location of the county line then there
is no encroachment by any of the defendants.

The trial court, in finding the issues for the defendants
other than the city of Elgin, found that there was a slight
encroachment by a retaining wall, to the extent of one
inch, erected by the defendant Richard O. Theis, but that
the said retaining wall had been built in good faith, and
in reliance upon a survey prepared by a competent sur-
veyor; that the plaintiffs' land consists of farm lands; that
under the equitable maxim *de minimis non curat lex* the
plaintiffs should be denied a decree compelling Richard O.
Theis, Gussie A. Theis, Walter Prott, and Winifred Prott,
the two latter defendants having entered into possession of
lot 20, along the eastern boundary of which, being the
boundary line between the lands of the parties, the said
retaining wall had been erected, to remove said retaining
wall. The court further found that equity will not do that
which will be of no benefit to the party asking it, and which
will work an injury to others; and that plaintiffs have an
adequate remedy at law for such damages as they may have
suffered by reason of said encroachment upon one inch of
their land.

The court made no finding as to whether the streets
of the city of Elgin encroached on the plaintiffs' land, but
held that the action here was barred by reason of the five-
year Statute of Limitations and because of *laches,* both of
which defenses had been set forth in the answer of the

city of Elgin. The court further found that it was not necessary to decide the question as to whether there had been an encroachment on the lands of the plaintiffs by the city because if any portion of the plaintiffs' lands had been encroached upon by the streets of the city that portion of their land had become a public highway; and the plaintiffs' claim is barred by section 139 of article VIII of the Roads and Bridges Act. Ill. Rev. Stat. 1951, chap. 121, par. 152.

It is contended that a freehold is involved because one of the issues here is whether there is a highway over the lands of the plaintiffs. (*Stengl* v. *Starr Bros.,* 370 Ill. 118; *City of Jacksonville* v. *Padgett,* 413 Ill. 189.) The city contends that if there is a highway over the lands of plaintiffs, the city has acquired an easement thereon by prescription. However, the court did not decide the existence of a highway by prescription, inasmuch as it made no finding on the question as to whether there was an encroachment on the lands of the plaintiffs by the city of Elgin. The court found that it need not decide whether the streets do, in fact, encroach upon plaintiffs' premises for the reason that the action brought in that court by the plaintiffs was barred by the Statute of Limitations and by *laches.* Having made no decision on the question of encroachment, the court necessarily did not reach the question whether an easement by prescription existed or not. By the trial court's determination, one party does not lose nor does the other party gain a freehold, nor does the decision make any determination of the ownership of the real estate in question. There is no question of freehold involved in the decision of the trial court. (*Streator Federal Savings & Loan Assn.* v. *Benckendorf,* 413 Ill. 280.) The issue as to the existence of a highway by prescription having no bearing on the decision, and no freehold being involved, this court has no jurisdiction of a direct appeal based on that part of this case involving the city of Elgin.

The court did find that a retaining wall erected by one Richard O. Theis on lot 20 in Ludlow's addition to the city of Elgin, and now owned by Walter and Winifred Prott, does encroach upon plaintiffs' premises by one inch. It is not disputed that plaintiffs own a $68^{63}/_{100}$-acre tract in Cook County, nor that these defendants are the past and present owners of lot 20 in Ludlow's addition in the city of Elgin in Kane County, immediately adjoining plaintiffs' tract on the west. Plaintiffs claim no part of lot 20 and defendants claim no part of plaintiffs' tract in Cook County. No question of title arises between these parties. The controversy arises between these parties only when they attempt to apply their descriptions involved in respective deeds to the face of the earth. The question is merely one of location of a boundary. No claim is made to any strip of land beyond their legal boundaries by either party. Again neither party gains nor loses a freehold by virtue of the determination of this question, nor is the title to any real estate placed in issue. It is a boundary dispute only and no freehold is involved. (See *Swarz* v. *Ramela,* 63 Kan. 633, 66 Pac. 649; *Mathis* v. *Strunk,* 73 Kan. 595; 85 Pac. 590; *Evens & Howard Fire Brick Co.* v. *St. Louis Smelting and Refining Co.* 48 Mo. App. 636; 11 C.J.S. 683.) While this exact principle has not to our knowledge been previously determined in Illinois, the theory has been accepted as proper in a case decided upon other grounds. See, *Nitterauer* v. *Pulley,* 401 Ill. 494.

Since no freehold is involved in plaintiffs' action either against the city of Elgin or against the other individual defendants, no ground for direct appeal exists in this case and this court is without jurisdiction. Necessarily, this cause is transferred to the Appellate Court, First District.

*Cause transferred.*