(No. 37102.—

ALICE KRASAUSKI, Appellant, *vs.* JOSEPH V. BIRBALAS, Appellee.

*Opinion filed November 30, 1962.*

Joseph J. Gasior and Stephen M. Oleszkiewicz, both of Chicago, for appellant.

Torme, Kanter & Horwich, of Chicago, (Joseph H. Horwich, of counsel,) for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

For want of jurisdiction of the subject matter, and lack of capacity of the plaintiff to maintain the action, the superior court of Cook County dismissed a complaint filed by Alice Krasauski. Brieflly summarized, the essential allegations of the complaint were that the plaintiff is the sole heir of Michalina Skrodenis, who, during her lifetime, had been prevailed upon by the fraud, false representations and undue influence of the defendant, Joseph V. Birbalas, to transfer, without consideration, the title to real estate that she owned into joint tenancy with him; that by similar practices the defendant had prevailed upon the decedent, at a time when she lacked testamentary capacity, to execute a will which left all of her real and personal property to the defendant; that the defendant had also, by similar fraudulent practices, obtained money, securities and other assets from the decedent "before or after" her death. It was alleged that the will was filed in the probate court of Cook County in March of 1961, two days after the death of the decedent, but that the executor, who was the defendant's attorney, had not sought to have it admitted to probate or to have letters testamentary issued.

The complaint prayed that the *inter vivos* conveyance of the decedent's land be set aside and that the defendant be required to account for rents, issues and profits; that he be enjoined from selling or disposing of the real estate or of any personal property of the deceased; that the defendant be required to disclose and account for personal assets of the decedent in his possession or of which he has knowl-

edge, and that the purported will of the decedent be set aside and her property be distributed to her heirs.

The defendant's motion to dismiss was based upon two grounds: (1) that the court lacked jurisdiction of the subject matter of the action because under the constitution and applicable statutes "the Probate Court of Cook County has original jurisdiction of all probate matters"; and (2) that the plaintiff did not have legal capacity to sue because "she has not had heirship of said deceased declared by the Probate Court of Cook County." The motion to dismiss was sustained, and the complaint was dismissed.

The plaintiff has appealed directly to this court upon the grounds that a freehold is involved, as well as a construction of section 20 of article VI of the constitution, which delineates the jurisdiction of probate courts. As to the first of these asserted grounds of jurisdiction, it has often been held that although a freehold "may be involved in the issues before the trial court, this court has no jurisdiction of a direct appeal therefrom unless a freehold is involved in the question to be determined on appeal." (*Frerichs* v. *Foreman,* 407 Ill. 507, 511.) In the present case the issues presented in this court do not concern the merits of the plaintiff's claim of title, but involve only procedural questions related to her right to assert that claim at this time and in this action. In numerous cases in which similar issues have been presented, we have held that this court lacks jurisdiction upon a direct appeal. (See, *e.g., Frerichs* v. *Foreman,* 407 Ill. 507, 511, (*res judicata*); *Hawkins* v. *City of Elgin,* 1 Ill.2d 540, (*laches*); *McCarthy* v. *McCarthy,* 6 Ill.2d 52, 57, (*res judicata*), and *Smith* v. *Condo,* 19 Ill.2d 228, 229, (standing to sue).) Under these decisions, our jurisdiction of a direct appeal can not be sustained on the ground that a freehold is involved.

Nor can that jurisdiction be sustained because a construction of the constitution is involved. The constitutional provision that is said to be involved is section 20 of article

VI, which describes the circumstances under which probate courts may be established and provides that those courts "shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators, and settlement of their accounts; in all matters relating to apprentices, and in cases of the sales of real estate of deceased persons for the payment of debts." From an analysis of the causes of action asserted in the complaint it is plain that no new interpretation or application of that provision is involved.

The superior court of Cook County has the jurisdiction of a circuit court. Neither its jurisdiction to set aside an *inter vivos* conveyance induced by fraud or false representation, nor its jurisdiction to hear a will contest, is debatable. Indeed, in cases like this one, where it was charged that a defendant was both grantee and legatee, it has been held that both the deed and the will must be challenged in a single action in order to avoid a multiplicity of suits. (See, *e.g., McGovern* v. *McGovern,* 268 Ill. 135; 282 Ill. 97.) Whether the present action is premature because the will has not been admitted to probate depends upon a construction of section 90 of the Probate Act, and does not concern the jurisdiction of the probate court, for under no circumstances would that court have jurisdiction of the will contest.

The defendant's suggestion that the jurisdiction of the probate court has been impinged upon because the plaintiff's heirship has not been determined in that court, is answered by section 58 of the Probate Act, which provides that "An order of the court declaring heirship whether heretofore or hereafter made, is *prima facie* evidence of the heirship, but any other legal method of proving heirship may be resorted to by any party interested therein in any place or court where the question may arise." Ill. Rev. Stat. 1961, chap. 3, par. 58.

Nor can it be said that the claim of the plaintiff for relief by way of discovery and accounting with respect to per-

sonal property of the decedent is within the exclusive jurisdiction of the probate court. It was not until 1925 that the probate court was authorized to determine controverted questions of title in citation proceedings, and until then a plenary action in a court of general jurisdiction was required to determine those questions. (*Johnson* v. *Nelson,* 341 Ill. 119.) Certainly the constitution of 1870 did not vest exclusive jurisdiction of those matters in probate courts.

Neither a freehold nor a construction of the constitution is involved, and the cause must therefore be transferred to the Appellate Court, First District.

*Cause transferred.*