JANE AKERMAN *et al.*, Plaintiffs-Appellees, *v.* DAVID TROSPER *et al.*, Defendants-Appellants.

Third District   No. 80-507

Opinion filed May 8, 1981.

Robert E. White, of White & Marsh, of Ottawa, for appellants.

Eugene P. Daugherity, of Myers, Daugherity & Berry, Ltd., of Streator, and Civinelli, Bakalis, Keller & Culliton, of Bloomingdale, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This cause comes before us on interlocutory appeal pursuant to Rule 308 (Ill. Rev. Stat. 1980, ch. 110A, par. 308). At issue is whether a court is required to sever a will contest from an action to avoid or impose constructive trusts upon deeds of real property and transfers by gift of personalty. The court below denied the defendants' motion to sever, finding that "denial of the motion to sever would avoid a duplication and overlap of witnesses and evidence in two separate trials" and that "a single trial of all issues would be more expedient in accomplishing judicial purposes of the trial court." The court also found that "a severance rests within the sound discretion of the trial court and this Court expresses and finds that a denial of said motion will not prejudice the rights of the litigants."

The decedent, Pearl M. Keller, died on January 10, 1979, at the age of 92. She left a will, dated April 25, 1978, and codicil thereto, dated August 2, 1978. This will devised the decedent's real property, a residence and an 80-acre parcel of farm property, to her daughter, the defendant Lillian Trosper Stilwell, with provision that, should Lillian not survive, the

property be devised to the children of the decedent's grandson, Robert Trosper (*i.e.*, the defendants David Trosper and Roberta Trosper). The decedent's households goods and residue of her estate was, by the terms of the will, to be divided equally between her son, Kenneth Keller (now deceased), and her daughter, Lillian Trosper Stilwell. The codicil of August 2, 1978, names Lillian Trosper Stilwell as executor.

In December of 1978, the decedent, by quit-claim deed, conveyed to her daughter, Lillian, the same parcels of real estate described in her will. On December 18, 1978, the decedent conveyed her 80-acre farm and on December 26, 1978, she conveyed her residence in the village of Grand Ridge, Illinois. She reserved a life estate in each of these properties.

The complaint further alleges that, subsequent to the death of decedent's son, Kenneth, the defendant Lillian Stilwell had her name added as a joint tenant to certain bank accounts and savings and loan accounts, which had previously been held in joint tenancy by the decedent and her son Kenneth.

The plaintiffs in this action are the two daughters of Kenneth Keller. They claim to be the decedent's only heirs at law aside from the decedent's daughter, Lillian Trosper Stilwell. Count I of their complaint alleges that the document probated is not the will of Pearl Keller, in that it is "fraudulent, fictitious and forged" and/or was not executed in conformity with our statute of wills (Ill. Rev. Stat. 1977, ch. 110½, par. 4—1 *et seq.*). Count II alleges lack of capacity to make a will. Count III alleges that Lillian Trosper Stilwell, in whom "Pearl Keller, as her natural mother, reposed trust and confidence * * *, in violation of that trust and confidence" used undue influence and fraudulent practices to induce the execution of said will. This count also alleges that the will of April 25, 1978, was a "new will," which, "in opposition to Pearl Keller's prior will, effectively removed Kenneth Keller, her dying son, as legatee or devisee," at a time when Pearl Keller "was more than 90 years of age, and was suffering from mental distress due to her beloved son's having contracted cancer and dying."

Count IV alleges that Lillian Stilwell, holding a position of trust and confidence, violated her fiduciary duty toward her mother and exercised undue influence to induce her mother to convey to her the real estate described *supra*. It further alleges that Pearl Keller lacked the mental capacity to convey these lands. Count V alleges that Lillian Stilwell, in violation of her fiduciary duty and in the exercise of undue influence upon her mother, caused herself to be denominated joint owner, with her mother, of certain bank and savings and loan accounts, valued at $58,000. This count also alleges lack of capacity to make a gift of such funds. It further states, as factual background, that Pearl Keller's son Kenneth had, previous to his death, administered these funds for his mother, with

whom he held them in joint tenancy. This count alleges that Lillian Stilwell, in causing herself to be named as joint tenant, excluded the daughters of Kenneth Keller from an interest in the funds, "contrary to the intention of Pearl M. Keller, complainants' grandmother."

The defendants in this action moved to sever trial on counts I, II, and III (the will contest) from trial on counts IV and V (the action to avoid inter-vivos transfers), and now appeal the denial of this motion. They rely primarily on the 1953 case of *Mount v. Dusing* (1953), 414 Ill. 361, 111 N.E.2d 502. Therein, it was held that "[i]n the circumstances of this case * * * it was error to deny the defendants' motion to sever the issues."

> "There was a difference in time of one year between the execution of the challenged deed and the contested will, and mental capacity at both times was in issue. A higher degree of mental capacity is required to make a valid deed than to execute a will. (*Moneta v. Hoinacki*, 394 Ill. 47; *Greene v. Maxwell*, 251 Ill. 335.) Defendants Bessie Dusing and her son were sued both individually and in their representative capacities, so far as the will contest was concerned, but Mrs. Dusing, alone, was a defendant in the action to set aside the deed. Under section 2 of the Evidence Act, (Ill. Rev. Stat. 1951, ch. 51, par. 2,) she and her son were not competent witnesses, either individually or in their representative capacities, upon the issues going to the asserted invalidity of the will; as to the issues relating to the deed, she was competent to testify. The cumulative effect of these factors resulted in the imposition of an undue burden upon the jury." (414 Ill. 361, 368, 111 N.E.2d 502.)

The defendants in the instant cause, at trial and on appeal, advanced the same objections to joinder of the will contest with the action to avoid the inter-vivos transfers as were expressed by our supreme court in *Mount v. Dusing*. The defendants assert that the cumulative effect of the following factors would result in the imposition of an undue burden upon the jury such as would prejudice their rights:

> (1) A difference in time of nearly eight months between the execution of one of the challenged deeds and the contested will, as the mental capacity at both times is in issue.
> (2) A higher degree of mental capacity is required to make a valid deed than to execute a will.
> (3) Different rules as to the competency of witnesses would be encountered.
> (4) Different rules and shifting burdens of proceeding as to a fiduciary relationship would be encountered.

■■ Contrary to the defendants' assertion, it is not true that, under the circumstances of this case, there is a difference in degree of mental capacity required for the making of a deed than for the execution of a

will. Generally, a higher degree of mental capacity is required to make a valid deed than to execute a will. (*Mount v. Dusing* (1953), 414 Ill. 361, 368, 111 N.E.2d 502.) "However, no greater mental capacity is required to make a deed of voluntary settlement reserving a life estate than is required to make a will." *Citizens National Bank v. Pearson* (1978), 67 Ill. App. 3d 457, 459, 384 N.E.2d 548.

The defendants assert that the allegations of a fiduciary relationship in counts IV and V may result, should the fact-finder find such a relationship, in the shifting of the burden of proof on to the defendants. They claim that they are subject to no such burden under the allegations of the will contest. We disagree. Count III recites:

"That Lillian Trosper Stilwell, under the purported will of Pearl Keller, receives substantial benefits * * * That Pearl Keller, as her natural mother, reposed trust and confidence in the Defendant, Lillian Trosper Stilwell, her daughter. * * * That in violation of that trust and confidence, Lillian Trosper Stilwell used undue influence to cause to be executed the document purporting to be Pearl Keller's last will and testament. * * * That Lillian Trosper Stilwell caused to be prepared by transporting the decedent, Pearl Keller, to certain law offices, the document purporting to be her last will and testament."

Illinois Pattern Instructions, Civil, No. 200.04 (2d ed. 1971) states:

"The plaintiff may establish undue influence as a ground of invalidity in two ways:

* * *

Second, he may establish undue influence as a ground of invalidity by proving each of the following propositions:

1. That (decedent) reposed trust and confidence in (beneficiary) to such an extent that (beneficiary) could have exerted undue influence, as I have defined that term, on the mind of (decedent).

2. That (beneficiary) [prepared] [or] [caused the preparation of] the document purporting to be the last will and testament of (decedent).

3. That (beneficiary) received a substantial benefit under the terms of the document.

* * *

If you find that each of the three propositions has been proved, the law raises a presumption that the document was executed as a result of undue influence and your verdict should be for the plaintiff unless, from your consideration of all the evidence, together with this presumption, you believe that the document was executed as the free and voluntary act of (decedent)."

It is clear that the plaintiffs' pleadings in count III allege all of the facts

necessary to create the presumption of undue influence based upon a fiduciary relationship. Therefore, defendants' contention, that the shifting of a burden of proof onto the defendants may occur in the action to avoid the inter-vivos transfers but cannot occur in the will contest, is incorrect.

It is true, as the defendants contend, that the so-called Dead Man's Act (Ill. Rev. Stat. 1979, ch. 51, par. 2) would render incompetent certain testimony in the will contest that would remain competent in the dispute over the inter-vivos transfers. Although both a will contest and an action to set aside or impose a constructive trust upon inter-vivos transfers are equitable proceedings (*Stephens v. Collison* (1911), 249 Ill. 225, 234-35, 249 Ill. 225), a will contest, under statute, is to be tried by a jury if a party so demands (Ill. Rev. Stat. 1979, ch. 110½, par. 8—1), whereas the action to avoid the inter-vivos transfers is tried by the chancellor, either alone or with the aid of a purely advisory jury. (Ill. Rev. Stat. 1979, ch. 110, par. 63; *Crose v. Crose* (1980), 91 Ill. App. 3d 216, 414 N.E.2d 819.) Therefore, it is possible for the court to exclude from the jury evidence inadmissible in the will contest, and still hear, out of the jury's presence, such evidence as is admissible only in the action to set aside the lifetime transfers. The issue was argued before the trial court. The court's decision, that it could try the actions jointly without prejudice to the defendants, indicates the judge's confidence in his ability to administer the admission of evidence in an appropriate fashion. We see no reason to question the trial court's assessment of its ability in this matter.

The defendants are also correct in their assertion that the mental capacity of the decedent is at issue, not at one time only, but at different times over an eight-month period. The mental capacity of Pearl Keller on April 25, 1978, the date of the execution of the will here challenged, is at issue. Also at issue are her mental capacity on August 2, 1978 (the date the codicil was executed), in October of 1978 (the time during which the gifts of bank accounts allegedly occurred), on December 18, 1978 (the date on which the farm was deeded), and on December 26, 1978 (the date on which the residence was deeded). While these acts of the decedent were separated by time, it is clear that they also represent a certain continuity of design. Whether such design was that of the decedent or of her principal beneficiary is the main issue of the instant litigation. We do not think it beyond the jury's capabilities to distinguish the various dates and to assign to each a finding upon the mental capacity of the decedent (see *Kelly v. First State Bank* (1980), 81 Ill. App. 3d 402, 414, 401 N.E.2d 247, 256). This issue was also argued before the trial judge. His decision exhibits confidence in the ability of the jury, if properly instructed, to discriminate among the issues. We see no reason to question the assessment of the trial court on this issue.

The trial court found that the facts in this cause are so materially

different from those in *Mount v. Dusing* that the requirement of severance set forth in that case does not apply in the instant cause. We agree. In addition to the differences already noted, *Mount v. Dusing* involved a deed in fee of a farm one year prior to the execution of the decedent's will. The deed reserved no life estate in the testator. The will made no mention of the deeded property. In the instant cause, both the will and the deeds explicitly refer to the same parcels of land. The deeds here reserve a life estate in the grantor, rendering the deeds testamentary in character, although outside the statute of wills. The transfers by gift of funds, although not alleged to be *causa mortis*, clearly had a testamentary character. The creation of joint tenancies in these funds, with rights of survivorship, is a type of testamentary transfer, although also outside of the statute of wills.

Furthermore, *Mount v. Dusing* was decided under, and with specific reference to, a provision in the Probate Act which read: "Matters not germane to the distinctive purpose of the proceeding shall not be introduced by joinder, counterclaim or otherwise." (Ill. Rev. Stat. 1951, ch. 3, par. 155.) This section was amended in 1969 so as to specifically delete the restriction pertaining to joinder. See Ill. Rev. Stat. 1979, ch. 110½, par. 1—6, formerly ch. 3, par. 155, amended.

"A motion to sever issues for trial is * * * addressed to the sound discretion of the trial judge, to be exercised in each case by an appraisal of administrative convenience and the possibility of prejudice to substantial rights of the litigants in the light of the particular problems which will arise in the course of the trial." *Mount v. Dusing* (1953), 414 Ill. 361, 367, 111 N.E.2d 502.

It has long been held appropriate, and even necessary, for a plaintiff to join, in a single bill of equity, a challenge of a will with a challenge of an inter-vivos transfer, when a successful judgment on either of the joined actions is a necessary prerequisite to proceeding in the other action. (See *McGovern v. McGovern* (1915), 268 Ill. 135, 108 N.E. 1024; *Yott v. Yott* (1914), 265 Ill. 364, 106 N.E. 959; *Stephens v. Collison* (1911), 249 Ill. 225, 94 N.E. 665; and note the dictum in *Krasaunski v. Birbalas* (1962), 26 Ill. 2d 163, 166, 186 N.E.2d 364.) The defendants argue that these cases merely refer to the necessity of joining pleadings on the two actions in a single complaint, and do not demand that the court try the issues together. We agree. However, the court has discretion to try the actions together when the challenged instruments are part of a single testamentary scheme. (See, *e.g., Kelly v. First State Bank* (1980), 81 Ill. App. 3d 402, 401 N.E.2d 247; *Swenson v. Wintercorn* (1968), 92 Ill. App. 2d 88, 234 N.E.2d 91.) Note, however, that in those two cases no issue was raised on appeal as to the propriety of the joinders.

■■ The plaintiffs allege that the inter-vivos transfers are worth some

$300,000, whereas the probate estate, devoid of the properties so transferred, is worth only $4,500. In light of the testamentary character of all of the documents challenged in this action, we conclude the ends of justice can best be served by a joinder of the issues in one trial. The trial court did not abuse its discretion in ordering such a joinder. Therefore, the decision of the trial court, denying the motion for severance, is affirmed, and the cause is remanded for trial on the merits.

Affirmed and remanded.

SCOTT, P. J., and BARRY, J., concur.