MARY L. BARTLEY et al. Appellants, vs. THE PLEASURE
DRIVEWAY AND PARK DISTRICT OF PEORIA, Appellee.

*Opinion filed October 25, 1911.*

1. APPEALS AND ERRORS—*what necessary to justify a direct appeal on the ground of freehold.* To justify the taking of a direct appeal to the Supreme Court on the ground that a freehold is involved the necessary result of the judgment or decree must be that one party gains and another loses a freehold estate, or the title to a freehold estate must be so put in issue by the pleadings that a decision of the case necessarily involves a decision of the freehold question.

2. SAME—*it is not enough that freehold is incidentally involved.* To bring a case directly to the Supreme Court on the ground that a freehold is involved it is not enough that the freehold be in-cidentally or collaterally involved, but the judgment or decree appealed from must be conclusive of the freehold right until reversed.

3. SAME—*when freehold is not involved.* A freehold is not involved in a decree dismissing for want of equity a bill to require a municipal corporation to maintain and care for a pleasure driveway deeded to it upon condition that it would perform certain duties with respect thereto, where there is no issue presented the decision of which would conclude any party on any question affecting the freehold.

APPEAL from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

CHESTER F. BARNETT, and JOSEPH L. BARTLEY, for appellants.

W. T. WHITING, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

Appellants filed this bill in the circuit court of Peoria county October 10, 1910, alleging that they were the owners of certain described lots in "The Uplands," a new addition to Peoria, Illinois. On February 23, 1895, Lydia

Bradley, a widow, deeded to appellee a strip of land one hundred feet wide and several blocks in length, adjoining and passing in front of appellants' lots (not then platted.) The deed conveying the strip provided that it should be used as a park driveway and entrance to certain park lands, "subject to the right of use by the owners of the adjoining lands as a public street for access to the lands fronting on said park driveway, * * * provided, however, that said tract of land shall be kept improved and used by the party of the second part for such park driveway and for no other purpose; and the party of the second part, its successors or grantees, shall never levy or collect, or attempt to levy or collect, any special taxes or special assessments upon the local or abutting, contiguous property for sustaining, ornamenting or improving said park driveway." In the event of a breach of the conditions the land was to revert to Mrs. Bradley, her heirs or personal representatives. Appellee accepted the deed and entered into possession of said strip of land, which is now known as "Columbia Terrace." After the platting of the property of which the lands of appellants comprised a part, appellee dedicated for public use all the streets and alleys upon any lots owned by it, excepting and reserving the complete ownership and control of Columbia Terrace. The bill alleges that appellee, after the conveyance of said strip to it, improved the same by building cement walks, laying out grass plots, planting trees, setting out flowers and plants, erecting a bronze statue of Christopher Columbus at a certain point therein, and paving with asphalt the whole length of the terrace, a portion thereof for street purposes; that Columbia Terrace was cared for and improved by appellee until October 3, 1906, when a resolution was passed by appellee's board relinquishing any claim they might have upon said terrace and permitting it to revert to the original grantor, Mrs. Bradley. These resolutions do not seem to have been filed in the recorder's office. The bill alleges that appellee thereafter

discontinued all care and maintenance of the park driveway, and that thereafter whatever care said driveway received was from the abutting property owners. The prayer of the bill is that appellee shall be decreed to faithfully execute its duties as trustee under the deed conveying said strip of land to it, and to "take care of and maintain the grass plots by it laid out on the said Columbia Terrace, together with the trees, shrubbery and plants by it put thereon;" that it be decreed to care for and maintain the monument by it placed on said terrace, and the cement sidewalks and asphalt pavement, as circumstances may require. The demurrer to the bill filed by appellee was sustained and the bill dismissed for want of equity.

The case has been brought directly to this court. We can conceive of no question that would justify so doing unless it be on the ground that a perpetual easement is involved. (*Stevenson* v. *Lewis*, 244 Ill. 147.) Appellants claim that appellee has control and still is charged, under the deed, with caring for this strip of land, while appellee claims that the city of Peoria, within which the driveway is located, is charged with such control and care. Appellee also claims that the bill is for affirmative relief, and is in the nature of a *mandamus* and governed by the same principles; that the bill does not allege that appellee is diverting, or intends to divert, the land to any other use than that for which it was originally deeded and dedicated, and that, even conceding that appellee is still charged with the duty of caring for and controlling the parkway, the court could not, under this bill, supervise the conduct of appellee and require it to follow the course of official action prayed therein. A freehold is involved, in the manner required by the statute to give this court jurisdiction of a case appealed directly from the trial court, only when the necessary result of the judgment or decree is that one party gains and another loses a freehold, or when the title to a freehold estate is so put in issue by the pleadings that a decision of

the case necessarily involves a decision of such question. (*Sanford* v. *Kane,* 127 Ill. 591; *Malaer* v. *Hudgens,* 130 id. 225; *MacDonald* v. *Dexter,* 234 id. 517.) Appellants do not claim a fee title in the parkway. Whether by said resolution of October 3, 1906, the title to said parkway reverted to the original grantor (Mrs. Bradley) or her heirs, under the issues here could not be decided. Neither Mrs. Bradley, her heirs or personal representatives nor the city of Peoria are parties to this litigation. Neither party can gain or lose a freehold under the pleadings in this cause. A decision of the issues here would not conclude any party on any question affecting the freehold. (*Mayor of Roodhouse* v. *Briggs,* 194 Ill. 435.) If it should be argued that a freehold was remotely involved in the pleadings because it might become necessary to decide, under them, whether the control of the park driveway was in appellee or the city, the answer must be that to bring a case directly to this court the judgment relating to the freehold must be directly the subject of the litigation and not merely incidentally or collaterally involved. The judgment must be conclusive of the freehold right involved until it is reversed. (*Rose* v. *Choteau,* 11 Ill. 167; *Matthiessen & Hegeler Zinc Co.* v. *City of LaSalle,* 117 id. 411.) The primary question involved here is whether appellee can be compelled to control and care for the park driveway in the manner prayed for in the petition. The decision of that question, or any other question raised by the pleadings, does not necessarily involve in any way the question of freehold.

A freehold not being involved, the appeal will be transferred to the Appellate Court for the Second District.

*Appeal transferred.*