**Mary L. Bartley et al., Appellants, v. Pleasure Driveway and Park District of Peoria, Appellee.**

**Gen. No. 5623.**

CHANCERY—*when discretion of officials not interfered with.* Equity will not take jurisdiction to direct or control the exercise of discretionary powers to be exercised by municipal authorities.

Bill in equity. Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the June term, 1911. Affirmed. Opinion filed March 13, 1912.

Chester F. Barnett and Joseph L. Bartley, for appellant.

W. T. Whiting, for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

Appellants, Mary L. Bartley and Chester F. Barnett, filed a bill in equity against the Pleasure Driveway and Park District of Peoria, a municipal corporation organized under the act of June 19, 1893, entitled "An Act to provide for the creation of Pleasure Driveway and Park Districts" which corporation is hereinafter called the District.   The bill alleged that on February 23, 1895, Lydia Bradley conveyed certain real estate, owned by her, to the District for a free public park, upon condition that the District should keep said park ornamented and that the District should never levy any special assessment on the contiguous property for sustaining or improving said park, and that a breach of any of these conditions should work a forfeiture of said lands; that the District accepted said grant and still continues to maintain said lands as a public park; that, on the same day, Lydia Bradley conveyed to the District a strip of land 100 feet wide for use as a park driveway and entrance to said park, subject to the use thereof by the owners of adjoining land for access to lands fronting on said driveway, with a proviso that the District should improve and use said strip for a park driveway only, and that the District should never levy special assessments upon contiguous property for sustaining or improving said driveway, and that for a breach of any of these conditions the title to said strip should revert to Lydia Bradley; that said last named deed was made at the express request of the District, and the District accepted it and improved said strip and, upon a subsequent platting of adjacent lands, said strip was named "Columbia Terrace"; that Mrs. Bradley conveyed other adjacent

lands to the Bradley Polytechnic Institute; that, on November 20, 1902, there was filed a plat of a subdivision of certain lands on each side of Columbia Terrace and including Columbia Terrace therein, made by a survivor and duly certified by the Bradley Polytechnic Institute and by Mrs. Bradley and by another corporation which had acquired some interest in the lands, in which certificate they dedicated the streets and alleys on the annexed plat for public use forever, to which certificate was appended a statement by the District that it thereby dedicated for public use forever all the streets and alleys on the foregoing plat upon any lands owned by it, "excepting and reserving, however, complete ownership and control of Columbia Terrace, as designated thereon," all of which papers were duly acknowledged and recorded; that each of the two appellants owns a lot in said subdivision facing on Columbia Terrace; that the District improved Columbia Terrace, built sidewalks and a curb, placed grass plots and trees between the curb line and the sidewalk and grass plots in the center of Columbia Terrace, and planted shrubbery, and placed on Columbia Terrace a monument with a bronze statute of Christopher Columbus, and at the base thereof a place where flowers and plants might be grown, and paved the rest of Columbia Terrace with asphalt, at an expense of $12,000, and kept the grass neatly trimmed and the whole cared for as the park was and excluded traffic wagons therefrom; that, on October 3, 1906, the District passed the following resolution: "That this board relinquish any claim they may have upon Columbia Terrace and let the same revert back to Mrs. Bradley;" that no other action was taken by the District to divest itself of the trust imposed upon it by Lydia Bradley as to said Columbia Terrace but that the District then discontinued all care of Columbia Terrace; that the grass plots have not been taken care of; the shrubbery and plants have been neglected; the

trees have not been trimmed; weeds have been allowed to grow around the base of the statue of Columbus; that traffic wagons have been permitted to use this as a thoroughfare; that the sidewalks and pavements are cracked; that the abutting property owners have had to take care of this property to keep it in presentable condition, resulting in uneven patches of grass; that the trees are growing very tall and breaking and casting leaves on the grass, which accumulate and rot there; and that the abutting owners have been informed by the District that, if they would release their right to be relieved from special assessments for sustaining and improving Columbia Terrace, the District would again assume control thereof. The prayer of the bill was that the District be decreed to faithfully execute its duties as trustee, under said deed from Lydia Bradley; that it be decreed to take care of and maintain the grass plots, trees, shrubbery and plants and the monuments and the cement sidewalks and asphalt pavement, ''as circumstances may require,'' and for other relief. The court below sustained a demurrer to the bill and dismissed it for want of equity, and complainants below appealed to the Supreme Court, and it was there ordered transferred to this court. Bartley v. Peoria Park District, 251 Ill. 373.

Many interesting questions have been argued, such as, whether the condition in the deeds from Mrs. Bradley are void under such cases as City of Chicago v. Baptist Theological Union, 115 Ill. 245; whether if the condition is void, that invalidates the grant; whether the making and recording of the plat, joined in by the District, had the effect to convey Columbia Terrace to the city of Peoria as a public street; whether the passage of the above resolution by the District caused the lands to revert to the grantor or her assigns, or transferred Columbia Terrace to the city of Peoria, or was wholly inoperative. We doubt the propriety of deciding these questions when the city of Peoria and the other adjacent property owners, who will be chiefly

affected by their decision, are not parties to the suit. We think it sufficient to say that, regardless of the proper conclusion to be reached upon the foregoing questions, we are of opinion that a court of equity is not authorized to grant the relief here sought. It will be observed that there is no allegation that the District has performed any act which it ought not to have done, except to pass said resolution, nor is it alleged that it has on hand any funds with which it can make said improvement. A court of equity cannot direct the trustees how tall it shall permit its trees or its grass to grow, nor that it shall raise flowers or destroy weeds, nor can the court decide for the District that it ought to mend the cracks in its sidewalks and paved way. Moreover, the condition of improvement that would please the owners of these two lots might not suit the owners of the many other lots abutting on Columbia Terrace. It would be a complete answer to the bill by the District for it to say that the condition of improvement in which Columbia Terrace should be kept is a matter wholly within the discretion of the District, and that its officers are satisfied with the condition in which Columbia Terrace now is. The court could grant no relief under the general prayer that the District "be decreed to faithfully execute its duties as trustee," because there is no duty concerning which a court of equity can give it direction. We are therefore of opinion that the court properly sustained the demurrer to the bill.

The decree is therefore affirmed.

*Affirmed.*