(No. 22255.—)
OLIVE IDA BURKE, Appellee, *vs.* ISAAC KLEIMAN *et al.* Appellants.

*Opinion filed February 23, 1934.*

CHARLES J. SOPKIN, for appellants.

H. E. RAYMOND, and CHARLES A. CHURAN, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee filed a bill in the superior court of Cook county setting out that her predecessor in title, in common with nearly five hundred other persons in the locality described in the bill, who were either owners of or predecessors in title to the premises owned by appellee and those owned by appellants, entered into a restrictive agreement as to the use of the property described therein, including the property of appellee and of appellants. The agreement was made September 30, 1927, and was to expire by its own terms January 1, 1948. The restrictive covenant contained therein provided against leasing or selling any of the premises included in the agreement to any person or persons of the colored race, and that no part of the premises should be used or occupied by such excluded persons other than as janitors, chauffeurs or servants. Appellee then complains that appellants have leased the premises described in her bill, situated near appellee's property, in violation of this agreement, by leasing an apartment to appellant James L. Hall, a negro. The prayer of the bill is that appellants be restrained from so leasing or selling such property or otherwise disposing of it to persons of the negro race as defined in the agreement, and likewise seeks a mandatory injunction requiring that appellants cause to be removed all persons coming within the description of the restrictive covenant. Answers were filed to the bill, a hearing was had and a decree entered granting the relief prayed. The cause comes here on direct appeal.

The question first arising in the case, though not raised by the parties hereto, is whether this court has jurisdiction of this cause on direct appeal. The only ground upon which it could be argued that such jurisdiction exists is that a freehold is involved. A freehold is involved in the manner required by the statute to give this court jurisdic-

tion on direct appeal only when the necessary result of the judgment or decree is that one party gains and another loses a freehold, or when the title to a freehold estate is so put in issue by the pleadings that a decision of the case necessarily involves a decision of such question. (*Bartley* v. *Peoria Park District,* 251 Ill. 373; *MacDonald* v. *Dexter,* 234 id. 517; *Sanford* v. *Kane,* 127 id. 591.) If it be said that the covenant creates an easement in the land and that an easement of this character is a freehold, yet it does not follow that a freehold arises on the existence of any or all easements. It was said by this court in *Chaplain* v. *Highway Comrs.* 126 Ill. 264: "A legal interest in lands is to be deemed a freehold not because of the kind or quantity of the interest but by reason of its sufficient legal, indefinite duration." This definition was also again announced in *Village of Harlem* v. *Suburban Railroad Co.* 198 Ill. 337. The easement which may be said to involve a freehold so as to give this court jurisdiction is a perpetual easement or one of indefinite duration. (*Bartley* v. *Peoria Park District, supra; Stevenson* v. *Lewis,* 244 Ill. 147.) In this case, though it be said that the restrictive agreement was an easement, yet before it can be seen that it is of the character involving a freehold it must appear that it is permanent or indefinite in duration. A freehold is involved where the right of recovery in a suit depends on the existence of a perpetual easement in land and the rights acquired thereby. (*Bucklen* v. *City of Chicago,* 166 Ill. 451.) In this case there is no question whether this restrictive agreement, if it be an easement, is a perpetual one. It by its terms terminates January 1, 1948. There is no question of a permanent easement involved, and therefore no freehold is involved in the case and this court is without jurisdiction on direct appeal.

The cause is transferred to the Appellate Court for the First District.