(No. 33824.—▬▬▬▬▬▬▬▬

LIBERTY NATIONAL BANK OF CHICAGO, Trustee, Appellant, *vs.* ROBERT N. McCREARY *et al.,* Appellees.

*Opinion filed March 22, 1956.*

BENJAMIN A. RASKY, of Chicago, for appellant.

McCARTHY, WITRY, LYON & McCARTHY, of Chicago, (GEORGE R. LYON, of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

Liberty National Bank of Chicago, as trustee and title-holder under a land trust, commenced this action by filing a complaint in equity in the circuit court of Cook County. The complaint was stricken on motion of the defendants and plaintiff was granted leave to file an amended complaint. The latter pleading alleged that defendants Robert N. McCreary and Harriet Gay were the owners of real property adjoining that owned by plaintiff, that the respective properties were improved with a common structure, and prayed for the declaration and enforcement of alleged contractual, easement and prescriptive rights running between the parties and their properties. The amended complaint was likewise stricken on motion of the defendant McCreary and his spouse, the order of the court reciting that it was defective in that it failed to allege the facts or terms relative to the claimed contractual rights and ease-

ments. With further leave of court, the plaintiff then filed pleadings titled "First" and "Second" amendment to the amended complaint. To these pleadings the McCrearys filed a motion to strike and to dismiss the cause for want of equity. After hearing, the court granted the motion, its order stating in part: "* * * neither the first or second amendment to the complaint [*sic*] cured the defects for which the original complaint and the amended complaint were heretofore respectively stricken." Plaintiff has appealed directly to this court from such order on the theory that an easement, and thus a freehold, is involved so as to give us jurisdiction. The scope of the errors assigned for reversal is that the amended complaint stated a cause of action, and that the court should have ordered defendants to plead so the cause could proceed to a hearing on the merits.

We think it apparent that we have no jurisdiction of the appeal. In the first place the easement which may be said to involve a freehold so as to give this court jurisdiction is a perpetual easement or one of indefinite duration. (*Burke* v. *Kleiman,* 355 Ill. 390; *Bartley* v. *Pleasure Driveway and Park District of Peoria,* 251 Ill. 373; *Stevenson* v. *Lewis,* 244 Ill. 147.) Here the plaintiff's complaint makes only the bare allegation that "easements" exist and says nothing concerning their nature, their duration, or the circumstances under which they come into existence. In short, the complaint leaves the duration of the easements claimed entirely to conjecture. It is true the second amendment to the amended complaint alleges an oral agreement for the division of rents from the common property, but here again the allegations are too incomplete and vague to sustain a theory that indefinite or perpetual easements in defendants' land were created thereby. This court may not speculate on the nature and duration of the easement plaintiff intended to claim, nor may it assume jurisdiction on so tenuous a pleading of the jurisdictional ground.

Wholly apart from what has been said, there is yet another reason which precludes us from having jurisdiction. For this court to entertain jurisdiction on the ground that a freehold is involved, it must be involved not only in the original proceeding but also in the questions to be determined upon review by this court. (*Jones* v. *Hodges,* 1 Ill. 2d 415; *Frey* v. *Schaab,* 379 Ill. 315.) The chancellor in the present case did not reach the question of whether the easements existed and could be enforced but decided only, as a matter of practice, that the complaint was a defective pleading and dismissed the cause when it appeared plaintiff had been unable to cure the defects after being given three opportunities to do so. There was thus no question of freehold involved in the decision and it cannot be said that a freehold was gained or lost thereby. (Cf. *Hawkins* v. *City of Elgin,* 1 Ill. 2d 540.) Similarly, and by the scope of the errors plaintiff assigns here, it is only a question of practice that is involved in the issue presented by this appeal, *viz.,* Was the complaint defective, or did it properly state a cause of action? If we were to reverse the order of the trial court our only alternative would be to remand the cause with directions to deny the motion to strike and to proceed to a hearing on the merits; if we were to affirm the order we would, in effect, decide only that the complaint was defective. By neither action would a freehold be gained or lost or a decision rendered on the merits of the plaintiff's claim to a freehold interest. (*Smith* v. *Johnson,* 313 Ill. 17; *McCarthy* v. *McCarthy,* 6 Ill. 2d 52.) We would, rather, only be deciding a matter of practice which we have no jurisdiction to review.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*