(No. 35590.—

RAY SMITH, Exr., Appellant, *vs.* RALPH CONDO *et al.,*
Appellees.

*Opinion filed March 31, 1960.*

ELMER JENKINS, of Benton, for appellant.

JOHN LANNIN, and ORWIN H. PUGH, both of Carbondale, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

During his lifetime George H. Biggs conveyed certain property to Grace Condo and Ralph Condo, her husband, in consideration for their promise to move into his home and care for him during the remainder of his life. After the death of George H. Biggs, his executor, Ray Smith, filed a petition to sell real estate, including the property so conveyed. The petition alleged that the Condos had breached the agreement, but had refused to reconvey to the decedent, and alleged that the conveyance to them is a cloud upon the title to the property. The Condos moved to strike the allegations of the petition which concerned them, on the ground that those "matters and things were personal to George H. Biggs and cannot be raised by Petitioner herein,

as his personal representative." The motion was allowed and an order was entered striking the allegations. Thereafter the executor moved to vacate the order and for leave to file an amendment to the petition. An order was entered striking the motion to vacate and denying leave to amend.

The trial court certified the finality of the order striking the allegations of the petition to sell real estate, and the executor appealed from both orders to the Appellate Court for the Fourth District. That court ordered the cause transferred to this court, apparently on the ground that a freehold was involved. For reasons that will be stated, we have concluded that a freehold is not involved upon this appeal, and that the case must be retransferred to the Appellate Court. Cf. *City of Edwardsville* v. *Central Union Telephone Co.* 302 Ill. 362; *Hockett* v. *Logan,* 257 Ill. 326.

The jurisdictional point is a narrow one, but it is well settled. Even though a freehold was involved in the issues before the trial court, this court has no jurisdiction upon direct appeal unless a freehold is involved in the question to be determined on review. *Liberty National Bank* v. *McCreary,* 8 Ill.2d 250; *McCarthy* v. *McCarthy,* 6 Ill.2d 52; *Dombroski* v. *Vallely,* 409 Ill. 596; *Frerichs* v. *Foreman,* 407 Ill. 507; *Lakin* v. *Wood,* 406 Ill. 595.

The executor stated in his brief in the Appellate Court, "By this appeal there is presented to the court the narrow question of whether an action to enforce a rescission of an agreement for support survives the death of the party who was to receive the care and support. * * * At first glance, it will appear that this appeal concerns title to real estate and should, therefore, have been appealed to the Supreme Court. While the initial action out of which this appeal arises concerns a petition to sell real estate to pay the debts of the decedent and may ultimately require a decision thereon, at this point in the proceeding the question before the court is narrowed to that of survivability of a cause of action."

We think that this is an accurate appraisal of the jurisdictional situation. Issues that directly concern a freehold may lurk in the middle distance, but whether the judgment of the county court is affirmed on this appeal, or whether it is reversed, the only issue that will have been decided concerns the standing of the executor to maintain the cause of action he has alleged. The case must therefore be transferred to the Appellate Court for the Fourth District.

*Cause transferred.*