(No. 36228.—

MORRIS REESE GUTTMAN, Admr., *et al.*, Appellees, *vs.* JAY A. SCHILLER *et al.*—(JOSEPH REESE GUTTMAN, Appellant.)

*Opinion filed November 30, 1961.*

324

Alfred M. Loeser, of Chicago, for appellant.

Eugene Lieberman, of Chicago, for appellees.

*Mr. Chief Justice Bristow delivered the opinion of the court:

Appellant, Joseph Reese Guttman, as successor-trustee and beneficiary of a testamentary trust over which the circuit court of Cook County took jurisdiction in October, 1930, filed a petition in the cause early in 1957 praying that appellees, his brother and sister, be ordered to return certain securities, money, jewelry and other personal property alleged to be either trust property or assets traceable to the trust, and that the court order the distribution of such assets between himself and his brother in accordance with the trust provisions. After prolonged hearings before

---

* This opinion was prepared by the late Mr. Chief Justice Bristow and was adopted and filed as the opinion of the court.

a master, a decree was entered finding the issues for the appellees and dismissing appellant's petition. He has prosecuted a direct appeal on the theory that a freehold is involved.

We have no jurisdiction upon direct appeal unless a freehold is actually involved, and thus our first concern is with the question of jurisdiction, a matter it is our duty to consider even though it is not raised or contested by the parties. *People* v. *Hess,* 7 Ill.2d 192; *Smith* v. *Condo,* 19 Ill.2d 228.

During the course of the hearings, appellant introduced in evidence two cemetery deeds. The first conveyed two burial lots to the "heirs of Bernhard Guttman," the latter being the settlor of the trust, while the second conveyed a burial lot to the wife of the settlor, now deceased, and her heirs. By the terms of the trust involved, appellant and his brother were to be the trust beneficiaries upon the death of their mother, while their sister was expressly disinherited. With no foundation in the pleadings or proof, appellant now states that the lots are either trust property or property purchased with trust funds, and to establish the involvement of a freehold he reasons that under the terms of the trust his sister "would stand to lose" any interest in the cemetery lots. No claim is made that such an issue was raised or determined in the court below, but only that the "references" in the record to the two deeds are sufficient to show that a freehold is involved.

For this court to entertain jurisdiction of a direct appeal it is well settled, first, that the freehold must be involved not only in the original proceedings but also in the question to be determined on review, (*Smith* v. *Condo,* 19 Ill.2d 228; *Liberty National Bank* v. *McCreary,* 8 Ill.2d 250; *McCarthy* v. *McCarthy,* 6 Ill.2d 52,) and, second, that the freehold must be directly, and not collaterally, contingently or incidentally involved. *Tree* v. *DeMar,* 2 Ill.2d 547; *Johnson* v. *Sarver,* 413 Ill. 626; *Murray* v. *Sheridan,* 411 Ill. 65.

Assuming, but not deciding, that the estate created by a cemetery deed is a freehold, it is clear that no issue of freehold was directly involved or decided in the proceedings in the trial court. So far as the abstract presented here is concerned, the cemetery lots or their titles were not even mentioned or put in issue by the pleadings; no relief was prayed with respect thereto; and neither did the decree from which the appeal is taken adjudicate the title in any manner. Rather, the only issues decided below and presented for review are whether the securities, monies and personal property allegedly in the hands of the appellees are in fact trust property or assets impressed with the trust, and complementary questions of whether appellant is estopped or barred from making his claim. Appellant's efforts to claim the involvement of a freehold on the basis of the cemetery lots appears at best to be an afterthought, or else the advancement of an issue that may arise when the trust is judicially terminated by the circuit court.

Since there is no freehold actually involved, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*