*In re* ESTATE OF JERRY THOMPSON, Deceased (Elizabeth A. Shimp, Adm'x of the Estate of Diana Thompson, Petitioner-Appellant, v. Shirley Crane, Ex'x of the Estate of Jerry Thompson, Respondent-Appellee).

Second District No. 84—384

Opinion filed March 15, 1985.

Jonathan L. Carbary, of Roeser, Vucha & Carbary, of Elgin, for appellant.

Walter M. Donat, of Donat & Donat, of Batavia, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:
The administratrix of the estate of Diana Thompson filed a written instrument renouncing the will of Jerry Thompson. The circuit court of Kane County denied the petition to renounce, finding that there was "no logical, legal or equitable justification for granting permission to renounce the [w]ill of Jerry Thompson."

The administratrix appeals.

The single issue the administratrix presents on review is whether the statutory right to renounce the will (Ill. Rev. Stat. 1983, ch. 110½, par. 2—8(b)) survived the death of Diana Thompson.

Jerry Thompson and his wife, Diana Thompson, were involved in a divorce proceeding. On April 5, 1983, Jerry Thompson executed his last will and testament, which did not include any provisions for his

wife, Diana Thompson.

On May 5, 1983, Mr. Thompson allegedly shot his wife and then took his own life. Jerry Thompson died at 9:25 a.m. that same day as a result of a gunshot wound to the head; Diana Thompson died 45 minutes later, at 10:10 a.m., as a consequence of a gunshot wound to the chest.

On May 16, 1983, the trial court admitted Mr. Thompson's will to probate, appointed the executrix of his estate, and issued letters testamentary to her.

On August 19, 1983, within seven months after admission of the will to probate (Ill. Rev. Stat. 1983, ch. 110½, par. 2—8(b)), the administratrix filed the instrument renouncing the will. The executrix of Jerry Thompson's estate objected to the renunciation. Thereafter, the trial court denied the petition to renounce.

Section 2—8(b) of the Probate Act of 1975 provides, as pertinent here, that:

> "In order to renounce a will, the testator's surviving spouse must file in the court in which the will was admitted to probate a written instrument signed by the surviving spouse and declaring the renunciation." (Ill. Rev. Stat. 1983, ch. 110½, par. 2—8(b).)

Relying upon section 2—8(b), the administratrix of Diana Thompson's estate argues that she was improperly denied the right to renounce Jerry Thompson's will.

Both parties recognize that *Rock Island Bank & Trust Co. v. First National Bank* (1962), 26 Ill. 2d 47, is the leading case interpreting the effect of section 2—8(b). In *Rock Island,* the administratrix of an incompetent attempted to renounce the will of the incompetent's husband *after* the incompetent had died. The issue presented in that case was "whether the right to renounce a will is statutory and personal and dies with the surviving spouse." 26 Ill. 2d 47, 48.

The court in *Rock Island* recognized that the majority rule was that the right to renounce is personal and dies with the surviving spouse, regardless of competency. (26 Ill. 2d 47, 51.) The court stated that there was no logical reason why an incompetent spouse or the spouse's representative should have any greater right with respect to renunciation than a competent surviving spouse. Of particular significance in the court's view was the fact that the statutory enactment governing the right of renunciation included no provision allowing renunciation after the death of either a competent or incompetent spouse, thereby indicating to the court that the right of renunciation was purely personal. Also, our supreme court stressed that the legis-

lature easily could have provided expressly that the right to renounce should continue after the death of the surviving spouse if that had been the legislature's intention. In the court's opinion, the legislature intended to provide for the personal welfare of the surviving spouse during that person's lifetime; the needs for the surviving spouse's comfort cease upon his or her death. 26 Ill. 2d 47, 51-52.

The court remarked, in addition, that the statute made no mention of the interest of prospective heirs or others who may take after the death of the surviving spouse. (26 Ill. 2d 47, 52.) The court went on to say that "[a]ny renunciation tends to defeat the intention of the testator, and it is our opinion that under the Illinois statute on renunciation the benefits to parties in interest other than the surviving spouse personally cannot be considered." (*Rock Island Bank & Trust Co. v. First National Bank* (1962), 26 Ill. 2d 47, 52; accord, *In re Estate of Dalton* (1975), 60 Ill. 2d 451, 455.) The court determined that it could discern little equity in providing for the heirs of a surviving spouse in opposition to the wishes and the will of the testator. *Rock Island Bank & Trust Co. v. First National Bank* (1962), 26 Ill. 2d 47, 52; *cf. In re Estate of Dalton* (1975), 60 Ill. 2d 451, 454; and *Kinnett v. Hood* (1962), 25 Ill. 2d 600, 603 (the interest of the heirs of the surviving incompetent spouse should not be considered, because the renunciation statute is for the benefit of the incompetent spouse).

In *Rock Island*, our supreme court adopted "the majority rule that the right to renounce a will is personal and dies with the surviving spouse regardless of her incompetency, in the absence of fraud, concealment, or conflicting interest of her representative." (26 Ill. 2d 47, 52-53.) Accordingly, the court upheld the denial of the petition to renounce the will.

In *Andrykowski v. Theis* (1963), 40 Ill. App. 2d 182, 193, the court noted that the question of fraud, concealment, or conflicting interest can be raised only in cases where an incompetent attempts to assert the right of renunciation. In the case at bar, as was the situation in *Theis*, there is no question regarding the mental competency of the surviving spouse. In *Theis*, the court concluded that the administrator of the husband's estate could not renounce the will of the wife *after* the husband's death. 40 Ill. App. 2d 182, 191-94.

In passing, we note that the Illinois jurisprudence established in *Rock Island Bank & Trust Co. v. First National Bank* (1962), 26 Ill. 2d 47, and *Andrykowski v. Theis* (1963), 40 Ill. App. 2d 182, accords with the majority view. See Annot., 3 A.L.R.3d 119, 145-56 (1965); Annot., 83 A.L.R.2d 1077 (1962).

■ The administratix argues that the right to renounce should

exist in the present case because Jerry Thompson took the life of Diana Thompson, thereby preventing her from renouncing the will during her lifetime. She argues that public policy demands that a surviving spouse, such as Diana Thompson, not be precluded from renouncing a will after her death where she is murdered by the testator spouse. We believe that the rationale the supreme court employed in *Rock Island* applies with equal force in the present case. The only persons who would benefit in the present case if the administratrix' argument were accepted are the heirs of Diana Thompson.

■ Additionally, we have reviewed the record on appeal, and we find no evidence of either murder or intentional and unjustifiable death. The record on appeal contains no facts admitted into evidence to substantiate either kind of demise. While the administratrix of Diana Thompson's estate alleges Thompson murdered his wife, the executrix of Thompson's estate denied this fact and no proof on this issue was adduced at the hearing. We cannot speculate as to what happened on May 5, 1983, when both Thompsons were found dead and dying with .45-caliber bullets in their head and chest. It is the responsibility of the appellant to see that the record on appeal is complete. (*In re Estate of Ito* (1977), 50 Ill. App. 3d 817.) The party prosecuting the appeal must furnish a record sufficient to establish reversible error (*Kwak v. St. Anthony De Padua Hospital* (1977), 54 Ill. App. 3d 719), and any doubt arising from incompleteness of the record will be resolved against the appellant (*In re Estate of McGaughey* (1978), 60 Ill. App. 3d 150).

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

REINHARD and STROUSE, JJ., concur.